NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 11-2467

————

UNITED STATES OF AMERICA

v.

FAITH BROOKS,
                                    Appellant

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-08-cr-00455-001)
District Judge:  Honorable William W. Caldwell

————

Submitted Under Third Circuit LAR 34.1(a)
April 23, 2012

Before: SLOVITER, ROTH, *Circuit Judges*
and POLLAK,[*] *District Judge*

(Filed:  May 17, 2012)

————

OPINION

————

_____

[*] Hon. Louis H. Pollak, United States District Court for the Eastern District of
Pennsylvania, sitting by designation.   Judge Pollak participated in the decision of this
case, but died prior to the entry of the opinion on the docket.

SLOVITER, *Circuit Judge*.

Appellant Faith Brooks ("Ms. Brooks") appeals her sentence of a total of 240 months imprisonment for production of child pornography (Count One), and 120 months imprisonment for possession of child pornography (Count Two), to be served concurrently. As the basis for her appeal, Ms. Brooks asserts that her trial counsel was ineffective.

## I.

On January 6, 2008, Childline, a child abuse reporting service, received an anonymous call advising that the caller had viewed on a webcam a nine year old girl exposing herself and masturbating with a sex toy. Childline immediately contacted Lycoming County Children & Youth Services ("CYS") who sent Lisa Cox, accompanied by two police officers, to the home of the person whom the caller had identified as Faith Brooks. The caller was later identified by the investigators as Michael Crider of Arlington, Virginia who was subpoenaed to appear as a witness for the prosecution at trial. Crider previously had an internet relationship with Ms. Brooks on a "sex chat and fantasy line."

Present in the household were Ms. Brooks, her nine year old adopted daughter ("M"), and nineteen year old Chelsea Stabley, a cousin of Ms. Brooks, who also lived in the home. The caseworker interviewed both M and Ms. Brooks individually.

At a follow-up interview with M conducted by Rhonda McDonald, a CYS worker, M stated that her mother had her pose in various sexual positions for photos on the

webcam and that her mother had taught her how to use certain sex toys which were in Ms. Brooks' closet. M drew pictures of the sex toys for the caseworker. As a result, M was removed from Ms. Brooks' home.

The Pennsylvania State Police began a criminal investigation and obtained a search warrant for Ms. Brooks' home. Although Ms. Brooks originally denied M's statements, she later changed her story after reading the search warrant and admitted giving some explanations to the child but denied any demonstrations or taking any pictures of M. Recovered by the troopers in the search were: two computer towers, one from Ms. Brooks' bedroom and one from the common area in the residence; a black bag filled with various sex toys found in Ms. Brooks' closet; and three pairs of thongs found in M's bedroom.

Trooper Thomas Trusal completed a forensic examination of the computer from Ms. Brooks' bedroom which revealed multiple nude and semi-nude images of M and a video clip depicting similar material. At trial, M testified that Ms. Brooks took the photographs of her and had her pose in the various ways captured in the photographs and the video clip.

Following Ms. Brooks' arrest and her initial appearance, the CJA Panel appointed Jason Poplanski ("Poplanski") as her counsel. The Court initially denied Ms. Brooks' Motion for the Appointment of New Counsel but thereafter granted her second motion and Poplanski's motion seeking to withdraw as counsel. The Court then discharged Poplanski and appointed Stephen C. Smith in his place.

The Jury Trial began on January 25, 2010.  The prosecution gave its opening statement, called several witnesses, and rested at the end of the first day of trial.  Defense counsel Smith cross-examined Michael Crider, Lisa Cox, M, Rhonda McDonald, Trooper Akers, and Trooper Trusal.  On the following day, Smith gave a short opening statement in which he said that Ms. Brooks had been a Lycoming County foster parent from 1997 until 2003 and had 78 placements involving 54 children.  Ms. Brooks ultimately decided not to testify and Smith delivered a closing statement.  Additionally, Ms. Brooks informed the District Court that she was satisfied with the representation provided by trial defense counsel.

The Jury returned a verdict of guilty on both counts.  Judge Caldwell sentenced Ms. Brooks to 240 months imprisonment for production of child pornography (Count One), and 120 months imprisonment for possession of child pornography (Count Two), to be served concurrently.  On appeal, Ms. Brooks seeks reversal and a new trial claiming ineffective assistance of counsel.  Alternatively, she asks that we remand the case for a hearing on the effectiveness of counsel.

## II.[1]

To establish ineffective assistance of counsel, a defendant must show that: 1) counsel's performance was deficient, and 2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 690-92 (1984).  Ordinarily, a claim of

---

[1] This court has jurisdiction pursuant 28 U.S.C. § 1291, as well as, 18 U.S.C. § 3742(a).

ineffective assistance of counsel is brought as a collateral proceeding under 28 U.S.C. § 2255, and not on direct appeal, *see Massaro v. United States*, 538 U.S. 500, 504-06 (2003), except where trial counsel's ineffectiveness is so apparent from the record that such a determination may be made by an appellate court. *See United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991) (ruling that where the record is sufficient to allow determination of ineffective assistance of counsel, defendant may attack the efficacy of counsel on direct appeal).

In *Massaro*, the Supreme Court explained that "when an ineffective assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." 538 U.S. at 504-05. The appellate court may have no way of knowing whether a seemingly unnatural or misguided action by counsel was based on a sound strategic motive or was taken because the counsel's alternatives were worse. *Id.* In addition, without further factual development, an appellate court may not be able to ascertain whether the alleged error was prejudicial. *Id.* Based on the aforementioned reasons, the district court is the forum best suited to develop the facts necessary to determine the adequacy of representation during trial. *See United States v. Griffin*, 699 F.2d 1102, 1109 (11th Cir. 1983).

Ms. Brooks argues that defense counsel Smith's performance was clearly deficient because he failed to call any of the potential witnesses he identified during jury selection, gave merely a 277 word opening statement, a 141 word "defense" which simply gave a

5

short history of Ms. Brooks' record as a foster parent, and a closing statement of 894 words.

However, this Court has repeatedly expressed its "strong preference" for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255. *United States v. Sandini*, 888 F.2d 300, 312 (3d Cir. 1989); *see also United States v. Thorton*, 327 F.3d 268, 272 (3d Cir. 2003) (denying defendant's claim of ineffective assistance of counsel without prejudice to his right to raise the claim in a collateral attack brought pursuant to 28 U.S.C. § 2255). Furthermore, the evidence on record in this case is not enough to allow for an exception to the general rule, as expressed in *Massaro, supra*. Effectiveness of counsel may not be judged by the number of words counsel used. Ms. Brooks ignores the fact that defense counsel Smith cross-examined 6 of the 7 witnesses brought by the prosecution and that he had extensive advisory discussions with her in regard to her right to remain silent.

## III.

Accordingly, we will affirm the order of the District Court without prejudice to Ms. Brooks' right to pursue her claim of ineffective assistance of counsel in a collateral proceeding pursuant to 28 U.S.C. § 2255.